# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1008

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Jesus Cortez, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:   July 31, 2002

Filed:   August 14, 2002

_____

Before WOLLMAN, FAGG, and, MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Jesus Cortez pleaded guilty to conspiring to distribute and possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and the district court[1] sentenced him to 60 months of imprisonment and 5 years of supervised release. On appeal, counsel has filed a brief and moved to withdraw under Anders v. California, 386 U.S. 738 (1967).  Cortez has filed a pro se supplemental brief.

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

First, counsel's argument that the district court erred in not applying the safety-valve reduction fails, because Cortez had more than 1 criminal history point and did not cooperate with the government. See U.S.S.G. § 5C1.2(a)(1), (a)(5). The jurisdictional argument raised by both counsel and Cortez--that the offense did not involve interstate commerce--has previously been rejected by this court. See United States v. Davis, 288 F.3d 359, 362 (8th Cir. 2002), petition for cert. filed, 70 U.S.L.W. 3790 (U.S. June 7, 2002) (No. 01-1804). The argument that the indictment was insufficient also fails, as any nonjurisdictional defects were waived by Cortez's guilty plea, see United States v. Fitzhugh, 78 F.3d 1326, 1330 (8th Cir.), cert. denied, 519 U.S. 902 (1996), and the indictment on its face stated an offense, see United States v. Hester, 140 F.3d 753, 760 (8th Cir. 1998). While Cortez complains that no coconspirators were identified, he admitted in his guilty-plea petition that he agreed with others to possess and distribute methamphetamine.

Contrary to counsel's final argument, Cortez's sentence did not violate Apprendi v. New Jersey, 530 U.S. 466 (2000), as his sentence did not exceed the applicable statutory maximum. See United States v. Aguayo-Delgado, 220 F.3d 926, 932 (8th Cir.), cert. denied, 531 U.S. 1026 (2000). Cortez's ineffective-assistance claims are not properly raised on direct appeal. See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998).

Following our independent review, see Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.